IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DARTAGNAN SPIRES,

    Plaintiff,

v.                                      CASE NO. 5:13-cv-33-SPM-GRJ

MICHAEL C OVERSTREET,

    Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, an inmate presently confined in the Bay County Jail, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983, Doc. 1. This case is before the Court for screening pursuant to 28 U.S.C § 1915A. Plaintiff has neither paid the $350.00 civil rights filing fee nor filed a motion for leave to proceed as a pauper. Moreover, it is clear from the allegations of the Complaint that it is due to be dismissed for failure to state a claim upon which relief may be granted.

The only named Defendant is Judge Michael C. Overstreet, the judge who presided over Plaintiff's Bay County Circuit Court criminal proceedings. *See* Doc. 1. Plaintiff contends that Judge Overstreet violated his constitutional rights by waiving Plaintiff's right to a speedy trial on two occasions, which resulted in Plaintiff's entering a "coerced" plea.[1] For relief, Plaintiff requests to be "removed from Division G," and

---

[1] A review of the Department of Corrections Inmate Locator reflects that Plaintiff served a sentence in the DOC for Bay County convictions of battery on a law enforcement officer and resisting arrest with violence. He was released from DOC custody on January 1, 2013. The circumstances of his present confinement in Bay County Jail are not described in the Complaint.

$20,000 in monetary damages for each year of his plea-bargained sentence. Doc. 1.

Because the complaint challenges the conduct of a judge during the performance of his duties in a criminal case, Plaintiff's claims against the Defendant are barred by the doctrine of absolute judicial immunity. It is well settled law that judges are "entitled to absolute judicial immunity from damages for those acts taken while acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal citations omitted). It is evident that the conduct about which Plaintiff complains involved the Defendant's actions as a judge during Plaintiff's criminal proceeding. Thus, absolute judicial immunity applies to all of the Defendant's judicial actions, even if "the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id*. Plaintiff's request to be removed from Division G – presumably in connection with pending criminal proceedings – is properly addressed to the court in which his case is pending.

Pursuant to 28 U.S.C. § 1915A, the Court shall dismiss the complaint, if the complaint [ ] seeks monetary relief from a defendant who is immune from such relief." Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." *See* Fed.R.Civ.P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. In this case, it is clear that the facts and circumstances relied upon by Plaintiff are not a proper subject for relief under 42 U.S.C § 1983, and amendment would be futile.

Accordingly, it is respectfully **RECOMMENDED** that this case be dismissed with

prejudice pursuant to 28 U.S.C. § 1915A because Plaintiff seeks monetary relief against a defendant who is immune from suit.

**IN CHAMBERS**, at Gainesville, Florida, this 30th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**